UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY A. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1056 JAR |
| ) | |
| ST. LOUIS CITY DIV. OF JUSTICE SERV., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jeremy Jones, an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## The Third Amended Complaint

St. Louis County Justice Center inmate Jeremy A. Jones filed this action pursuant to 42 U.S.C. § 1983 against the Department of Justice Services on August 23, 2021. Plaintiff filed an amended complaint on September 8, 2021 against the St. Louis County Justice Center, and he filed a second amended complaint against the St. Louis City Division of Justice Services on September 27, 2021. Plaintiff filed a third amended complaint on October 21, 2021 against the St. Louis City Division of Justice Services.

In his third amended complaint, plaintiff asserts that the conditions of confinement in the St. Louis *County* Jail are in violation of his constitutional rights.[1] Plaintiff complains that he has been in fights in the County Jail, as well as "been in segregation without due process." He further asserts that during the Covid-19 Pandemic, he was able to see his lawyer only one time, and he suffered "psychological impact" and "depression." Plaintiff asserts that his right of access to courts was violated at that time. Plaintiff also claims that his counsel was ineffective in his state criminal

---

[1]The Court is confused why plaintiff is suing the St. Louis City Division of Justice Services while complaining about alleged unconstitutional conditions of confinement in the *County* Jail. The Court notes that plaintiff is currently incarcerated in the *St. Louis County Jail.*

proceedings, as he filed pro se motions for speedy trial and change of venue and contacted other attorneys, but he did not hear back.

Plaintiff further alleges that he has been subjected to verbal abuse in in the County Jail, and he has been on a "hunger strike," but his "rights to call the media have not been granted." He claims that his "full canteen bags" have been taken, and he is "without religious freedom."[2]

Plaintiff seeks monetary damages, and he asks to have his state criminal charges dropped.

## Discussion

Plaintiff asserts that he has been subjected to unlawful conditions of confinement in the St. Louis County Jail. He also states that his access to courts have been impeded, that he has been subjected to "verbal abuse," that he has been in segregation without due process, and that his state court counsel was ineffective. Plaintiff further states that during the Covid-19 pandemic he rarely saw his counsel, and he suffered "psychological impact" and "depression." Last, plaintiff states that he has been on a "hunger strike," that his full canteen bags have been taken by an unnamed defendant, and that he is without "religious freedom."

First and foremost, plaintiff's allegations are brought against the wrong defendant. The named defendant in this action is the St. Louis City Division of Justice Services; however, his allegations concern the St. Louis *County* Jail. Thus, plaintiff's action is subject to dismissal.

Even if plaintiff had brought this action against the St. Louis County Jail, his action would be subject to dismissal. The County Jail cannot legally be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Similarly, plaintiff could not establish the individual liability of

---

[2]Plaintiff does not provide any factual allegations relating to his claims of his alleged loss of "religious freedom."

4

the Director of the St. Louis County Jail, Scott Anders, even if he had been named as a defendant in this action, as he would have sued in his official capacity only, given that plaintiff has not named him in this action in his individual capacity, nor has plaintiff alleged that Mr. Anders acted on his own to deprive plaintiff of his constitutional rights.[3]

A local governing body such as St. Louis County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Louis County.

First, plaintiff can show that St. Louis County had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy

---

[3]Plaintiff has not officially sued Director Anders. However, he has asserted a plethora of claims related to his conditions of confinement at St. Louis County Justice Center. To the extent plaintiff was attempting to sue the Director in charge of the Justice Center, he has not enunciated the capacity under which he is suing the Director. Therefore, the Court must presume that Director Anders is being sued in his official capacity only. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against St. Louis County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an

unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by St. Louis County. He also fails to present any facts indicating that St. Louis County failed to train its employees.

As such, to the extent plaintiff was bringing any official capacity claims against St. Louis County, those claims are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [ECF Nos. 3, 15 and 20] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 2, 14 and 21] are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of November, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE